**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alan R.M.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*, et al.,

Respondents.

Case No. 26-cv-3261 (ECT/DTS)

**REPORT AND RECOMMENDATION**

---

## INTRODUCTION

Petitioner Alan R.M. has been detained by United States Immigration and Customs Enforcement (ICE) since June 28, 2026. Alan R.M. challenges his detention through a Petition for Writ of Habeas Corpus. Because binding Eighth Circuit precedent forecloses Alan R.M.'s procedural due process challenge, the Court recommends denying the Petition.

## FINDINGS OF FACT

Alan R.M. is a native and citizen of Mexico who entered the United States in 2019 or 2020 without inspection. Pet. ¶ 13, Dkt. No. 1 (July 2020); Draves Decl. ¶ 4, Dkt. No. 6 (unknown date in 2019). ICE officers encountered Alan R.M. during a vehicle stop in Faribault, Minnesota. Draves Decl. ¶ 5. Alan R.M. initially claimed he was a United States citizen but lacked identification documents to verify his identity. *Id.* He then claimed he was born in Mexico but had legal status in the United States. *Id.* Based on these "inconsistent statements, and the training and experience of the ICE/ERO officers," ICE issued a Form I-200 administrative warrant and arrested Alan R.M., serving the warrant

at the scene of the traffic stop. *Id.* That same day, ICE issued a notice to appear, initiating removal proceedings. Draves Decl. ¶ 8.

On July 10, 2026, Alan R.M. filed the one-count Petition. *See* Pet. Count One alleges Alan R.M.'s "detention pending the resolution of ongoing immigration proceedings violates [his] constitutional rights to due process guaranteed in the Fifth Amendment." Pet. ¶ 35. For relief, Alan R.M. requests: (1) immediate release from custody or, alternatively, a bond hearing; and (2) an order that all of his belongings be released with him. Pet. 10–11 (Prayer for Relief).[1]

## ANALYSIS

### I. Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H.*, 782 F. Supp. 3d at 703).

[1] Alan R.M. also requests an order enjoining the Government from transferring him "out of the District of Minnesota pending the duration of these proceedings." Pet. 10 (prayer for relief). The undersigned lacks the authority to grant this request. Regardless, it will be moot once the Petition is adjudicated.

## II. Fifth Amendment Procedural Due Process

Alan R.M. contends that the Fifth Amendment's Due Process Clause requires the Government to provide a bond hearing pending the resolution of ongoing removal proceedings. Pet. ¶¶ 28–35. According to him, the Court should apply the three-party test in *Matthews v. Eldridge*, 424 U.S. 319 (1976), to determine whether Alan R.M.'s detention violates his due process rights. *Id.* ¶ 30. The Government counters that binding precedent, including *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) forecloses Alan R.M.'s due process challenge. Gov. Resp. 7–9. The Court agrees with the Government.

As Chief Judge Eric C. Tostrud explained when rejecting an identical due process challenge:

> *Banyee* and *Demore* are controlling in cases where a petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2). In both cases, the petitioners were detained pending deportation proceedings pursuant to 8 U.S.C. § 1226(c), which mandates detention for noncitizens who have committed certain offenses. . . . Both 8 U.S.C. § 1225(b)(2) and § 1226(c) provide for mandatory detention pending deportation proceedings. The only difference is that § 1226(c) is limited to noncitizens who have committed certain offenses while § 1225(b)(2) is not. *Banyee* does not indicate that its reasoning might be limited to noncitizens detained pursuant to § 1226(c). The opinion discusses the question in broad, generally applicable terms. . . . This makes sense given that the Supreme Court has recognized that Congress has more flexibility when legislating regarding immigration matters such that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." . . . And the Supreme Court has recognized that the power to detain noncitizens pending removal is necessary to the power to remove them from the country. . . . Because mandatory detention is acceptable "for as long as deportation proceedings are still pending," [Petitioner's] procedural due process claim fails.

Op. and Order 8–9, *Eliseo C. v. Blanche*, 26-cv-2282 (D. Minn. June 29, 2026) (Dkt. No. 12) (citations and footnotes omitted) Having carefully reviewed *Banyee*, the

Court finds Chief Judge Tostrud's analysis persuasive. In *Banyee*, the Eighth Circuit held that "[d]etention during deportation proceedings [i]s ... constitutionally valid." *Banyee*, 115 F.4th at 931 (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)); *id.* at 933 ("[T]he government can detain an alien for as long as deportation proceedings are still '*pending*.'") (quoting *Demore*, 538 U.S. at 527); *id.* at 930 ("Due process imposes no time limit on detention pending deportation, however, so we reverse."). Nothing in *Banyee*'s analysis limited its holding to detention pending removal under a specific statute (i.e., 8 U.S.C. § 1226 as opposed to § 1225). And that *Banyee* could have reached the same result on narrower grounds is of no consequence. Until the Eighth Circuit reconsiders or clarifies the scope of *Banyee*, it controls. Thus, Alan R.M.'s sole claim—that is detention pending removal violates his procedural due process rights—is foreclosed by binding precedent. The Court recommends denying his Petition.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: Alan R.M.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be DENIED.

Dated: July 27, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

A party may file and serve specific written objections within **5 days** after being served a copy of this Report and Recommendation. A party may respond to those objections within

**5 days** after being served a copy of the objections.[2] All objections and responses must comply with the word or line limits set for in LR 72.2(c).

[2] This schedule modifies the deadlines set by District of Minnesota Local Rule 72.2.